**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **AUGUST BAILEY SMALL, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **5:09-CV-38-HL** |
| **MONARCH LIFE INSURANCE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

# ORDER

This case is presently before the Court on Plaintiff's Motion to Remand
(Doc. 11).  The Court has reviewed the record and the arguments of the parties
and, for the following reasons, concludes that Plaintiff's Motion to Remand should
be granted.

## I.    BACKGROUND

Plaintiff filed this lawsuit in the State Court of Bibb County, Georgia, on
December 29, 2008 and served Defendant on January 8, 2009.  Defendant timely
removed the action to this Court on January 30, 2009.  Defendant maintained that
this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §
1332.  Plaintiff has moved the Court to remand this case to state court, arguing

that the amount in controversy element necessary for this Court to exercise
jurisdiction is not met.

## II.   DISCUSSION

This Court has subject matter jurisdiction to hear claims brought under
state law if there is diversity of citizenship and the amount in controversy exceeds
$ 75,000, exclusive of interest and costs.  Here, it is undisputed that there is
diversity of citizenship.  The parties, though, disagree as to whether the amount in
controversy element is met.

### A.   Defendant's Burden of Proving Jurisdiction

The party removing the action bears the burden of proving the court has
subject matter jurisdiction.  Mitchell v. Brown & Williamson Tobacco Corp., 249
F.3d 1309, 1314 (11th Cir. 2002).  The burden of proof the defendant seeking to
remove must meet depends on whether the plaintiff specified a damages amount
in his complaint.  If the plaintiff failed to specify a damages amount, the defendant
must prove by a preponderance of the evidence that the amount in controversy
exceeds $75,000.  Lowery v. Alabama Power Co., 483 F.3d 1184, 1208-09 (11th
Cir. 2007); Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002)
(citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir.
1996), *overruled on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069
(11th Cir. 2000)).  Where the plaintiff demanded a specified damages amount

2

less than $75,000, the defendant must prove to a "legal certainty" that the amount in controversy exceeds $75,000.  <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d  1092, 1094 (11th Cir. 1994).

Here, it is undisputed that Plaintiff has demanded an unspecified damages amount.  Plaintiff's Complaint seeks disability benefits in the amount of $47,040.00, plus bad faith penalties and reasonable attorney fees, as outlined in O.C.G.A. § 33-4-6, in an unspecified amount.  Because Plaintiff has failed to specify a total amount demanded, the Court must apply the more lenient burden set out in <u>Lowery</u>, rather than the heavier burden required by <u>Burns</u>.

**B.    Amount in Controversy**

In the Eleventh Circuit, a court must "review the propriety of removal on the basis of the removal documents." <u>Lowery</u>, 483 F.3d at 1211.  "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." <u>Id.</u>  Specifically, a court "considers the document received by the defendant from the plaintiff . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." <u>Id.</u> at 1213; <u>see also</u> <u>Lindsey v. Alabama Telephone Co.</u>, 576 F.2d 593, 594 (5th Cir. 1978) ("We must therefore consider whether, when the petition for removal was filed in the district court, the complaint

3

adequately alleged the existence of the jurisdictional amount.").[1]  If the evidence is insufficient to establish the Court's jurisdiction, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."  Id. at 1214 n.67(noting that permitting speculation in removal context would vitiate the "reasonable inquiry" standard under Federal Rule Civil Procedure 11).

In filing the removal documents, the Defendant has provided no evidence, apart from the Plaintiff's complaint, that the amount in controversy exceeds the jurisdictional amount.  Therefore, this Court is limited to Plaintiff's complaint in determining whether the amount in controversy is satisfied.  Plaintiff's complaint, which seeks to recover benefits under a disability insurance policy, specifically requests disability benefits in the amount of $47,040, plus "judgment against defendant for reasonable attorney's fees, penalties and interest as outlined in O.C.G.A. § 33-4-6."[2]  In pertinent part,  O.C.G.A. § 33-4-6 authorizes the recovery

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

[2]  O.C.G.A. § 33-4-6 states, in pertinent part:
In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

4

of bad faith penalties up to 50% of the disputed benefits.

Based on the foregoing, the Defendant contends the jurisdictional threshold for the amount in controversy is satisfied because the following amounts are readily calculable from the complaint: (a) disability benefits in the amount of $47,040; (b) bad faith penalties in the amount of $23,520, which represents 50% of the disputed benefits, and; (b) attorney fees in an amount excess of $4,440, which is alleged to be a lower end of what constitutes reasonable attorney fees in this case.  There is no dispute that the disability benefits in the amount of $47,040 are in controversy.  The Plaintiff, however, argues that neither the maximum 50% bad faith penalties nor the attorney fees should be added to the amount in controversy because the complaint does not explicitly request the maximum 50% in bad faith penalties and does not specify an amount of attorney fees.[3]

1.    Statutory Bad Faith Penalty

The Plaintiff did not claim a specific amount for bad faith penalties in the complaint.  As stated earlier, O.C.G.A. § 33-4-6 authorizes the recovery of bad faith penalties up to 50% of the disputed benefits.   The Defendant cites Estate of Thornton v. Unum Life Ins. Co. of Am., 445 F. Supp.2d 1379 (N.D. Ga. 2006), for

_____

[3] Should the Court find that the jurisdictional amount is met, the Plaintiff has attached to the motion to remand a binding stipulation that he will not seek recovery of an amount greater than $74,999.99.  Because this Court finds that the Defendant has not shown by a preponderance of the evidence that the amount in controversy is satisfied, the effect of Plaintiff's stipulation is not addressed.

the proposition that a court is required to assume that a plaintiff is seeking the maximum amount of bad faith penalties available.  The plaintiff in that case, however, specifically sought in their complaint the maximum 50% of the disputed benefits under O.C.G.A. § 33-4-6.  That case is therefore inapposite to the facts at hand.

The Defendant has not provided any evidence on which to base any calculation of the bad faith penalties. Rather, the Defendant would have this Court simply assume that the maximum penalty would be awarded.  To make that assumption  would be to make impermissible speculation as to what a jury may or may not award in this case.  Cf. Love v. Northern Tool & Equipment Co., Inc., No. 08-20453, 2008 WL 2955124, *5-6 (S.D. Fla. Aug. 1, 2008) (finding potential punitive damage award, which was capped at $100,000 under the Florida Civil Rights Act, should not be included in calculation of jurisdictional amount where plaintiff did not specify the amount sought and defendant provided no evidence on issue).  Therefore, the Defendant has not met its burden to prove by a preponderance of the evidence that Plaintiff will recover $23,520 in bad faith penalties.

### 2.    Reasonable Attorney Fees

The Plaintiff also did not claim a specific amount for reasonable attorney fees.  As a general rule, attorney fees are not included as part of the amount in controversy.  But where, as here, attorney fees are authorized by statute, they

may be included in the jurisdictional assessment.  <u>Morrison v. Allstate Indem.</u>
<u>Co.</u>, 228 F.3d 1255, 1265 (11th Cir. 2000) (internal citations omitted).  Citing <u>Hall</u>
<u>v. Travelers Ins. Co.</u>, 691 F. Supp. 1406 (N.D. Ga 1988), the Defendant urges the
Court to take judicial notice that it is more likely than not that Plaintiff's attorney
fees will exceed $4,440.  Defendant's position is untenable for two reasons.  First,
in <u>Hall</u>, the Defendant submitted evidence in the form of an affidavit stating what
the typical range of plaintiff attorney fees were in similar cases.  <u>Id.</u> at 1410.
Here, the Defendant has submitted no evidence whatsoever as to Plaintiff's
attorney fees.  Moreover, in light of the dictates of <u>Lowery</u> to consider only the
removal documents, the propriety of accepting evidence not derived from a
plaintiff is questionable.  <u>See</u> <u>Lowery</u>, 483 F.3d at 1213 ("[T]he court considers
the document received by the defendant from the plaintiff–be it the initial
complaint or a later received paper–and determines whether that document and
the notice of removal unambiguously establish federal jurisdiction.").

Second, even assuming the Court were to take judicial notice that the
attorney fees would more likely than not exceed $4,440, the amount in
controversy would still not be sufficient to establish federal jurisdiction.  As
discussed earlier, the amount of bad faith penalties that could be recovered could
fluctuate from a low of zero to a high of $23,520; therefore, the amount of attorney
fees necessary to reach the jurisdictional minimum cannot, with any degree of
certainty, be pegged to any excess of $4,440.

**III.    CONCLUSION**

This Court finds that the face of Plaintiff's complaint does not unambiguously allege an amount in controversy exceeding $75,000.  In addition, the Defendant has failed to proffer any evidence that would prove by a preponderance of the evidence that the unspecified damages, when added to specified disability benefits sought, would exceed $75,000.  Accordingly, Plaintiff's Motion to Remand (Doc. 11) is GRANTED and the case is remanded back to the State Court of Bibb County, Georgia.

**SO ORDERED**, this the 15th day of June, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, Judge**

wjc